Eugenio Pérez, Plaintiff and Appellant, *v.* Pedro Vieira et al., Defendants and Appellees.

No. 4759. Argued May 10, 1929.—Decided June 27, 1929.

*Aureliano Rivas* for the appellant. *José Martínez Dávila* for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

In an action brought by Pedro Vieira and his wife against Guillermo Alvarez Blondet, a house belonging to Eugenio Pérez was seized under execution as property of the defendant Alvarez. Pérez then instituted the present proceeding against the parties to the original action and alleged that he had purchased the property in question from Alvarez some two years before the date of the levy. The house is described in the complaint as standing upon a lot belonging to the O'Ferral estate and the payment of ground rent and of taxes by Pérez as well as possession from the date of purchase was also alleged.

Alvarez defaulted. Vieira and wife moved for and obtained an order requiring Pérez to furnish them with a copy of the deed or other evidence of the alleged transfer of ownership. Pérez promptly produced a copy of the writing in question which was a private contract of purchase and sale attested by the signature of Isaías O'Ferral as a witness.

Vieira and wife then answered and after certain admissions and denials, set up affirmatively that the property

belonged to Blondet, not to Pérez; that Pérez was nothing more than a tool of Alvarez Blondet pretending to be the owner of the property; that the title relied upon by Pérez, being evidenced by a private document, was absolutely void as to third persons because it had not been converted into a public instrument, as required by section 1195 of the Civil Code; and that the alleged transfer was also void because of a fraudulent design on the part of Pérez and Alvarez Blondet to defeat a recovery by Vieira and his wife.

The evidence produced by Pérez at the trial conclusively showed that the writing relied upon as evidence of a transfer of title had been drafted by a notary public and retained by him as collateral security for the payment of a promissory note for money advanced by the notary to Pérez, and that Pérez after taking possession of the property had employed and paid a carpenter for making certain improvements and had likewise employed and paid a painter. Vieira and wife did not offer any evidence but insisted upon the letter of section 1195 of the Civil Code referred to in the answer, and cited the case of *Aguayo* v. *Vázquez,* 33 P.R.R. 873, as their sole defense.

Pérez was adjudged and decreed to be the owner of the house, but without special pronouncement as to costs. He appeals from the judgment only in so far as the same, by implication, denies the prayer of the complaint for costs, disbursements and attorneys' fees.

Vieira and his wife did not make any investigation before filing their answer or going to trial. Any effort to ascertain the truth would have disclosed the facts established at the trial. The construction sought to be placed upon section 1195 of the Civil Code, where there is ample evidence aliunde as to the date of a private document, was repudiated by this court more than ten years ago and by the Supreme Court of Spain before the American occupation. *Mattei* v. *Díaz et al.,* 25 P.R.R. 306; *Torres* v. *Pons,* 24 P.R.R. 435; *Longpré* v. *Wolff,* 23 P.R.R. 13, and 83 Jur. Civ. 408.

It can hardly be said that the defendants in the present proceeding were blameless in putting Pérez to the unnecessary annoyance and expense of a trial on the merits.

The judgment appealed from will be modified so as to include an award of costs, disbursements and attorney's fees and, as modified, affirmed.